# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARLON MINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 C 5851 |
| ) | |
| ) | Hon. Joan B. Gottschall |
| CORRECTIONAL OFFICER OLLINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, Correctional Officer Ollins, violated his Fourteenth Amendment rights by failing to provide him medical care after he fell at the Cook County Courthouse. This matter is before the court for ruling on Defendant's motion for summary judgment. For the reasons stated below, the motion is granted.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the

witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 594–595 (7th Cir. 2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (internal citations omitted). The inquiry is essentially "whether the evidence presents a sufficient disagreement to require submission to the jury, or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## **LOCAL RULE 56.1 (N.D. ILL.)**

Because Plaintiff is a pro se litigant, Defendant served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule

56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir.2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir.2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Local Rule 56. 1(b)(3)© requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon to support the statement of additional facts. *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643–44 (7th Cir.2008).

In general, the purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir.2006) ("statement of material facts did [ ] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey*

*Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir.2013). In addition, district courts, in their discretion, may "choose[] to ignore and not consider the additional facts that a litigant has proposed" if the litigant failed to comply with Local Rule 56.1. *Cichon v. Coop. Plus, Inc.*, 401 F.3d 803, 809-10 (7th Cir. 2005) (citing *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995)).

In sum, "[f]or litigants appearing in the Northern District of Illinois, the Rule 56.1 statement is a critical, and required, component of a litigant's response to a motion for summary judgment. The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir.2012).

Plaintiff responded to the motion for summary judgment with a memorandum in opposition to the motion and a statement of additional facts that requires the denial of summary judgment. Plaintiff did not respond to the movant's statement of material facts. For this reason, the court accepts all assertions in Defendant's statement of material facts at true to the extent that the facts are supported in the record. See L.R. 56.1(b)(3)©; *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir.2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir.2012).

As to Plaintiff's statement of additional facts that requires the denial of summary judgment, Plaintiff failed to reference any affidavits, parts of the record, or other supporting materials that he relies upon. He fails to do so except with respect to six of his additional facts. The court ignores the Plaintiff's additional facts (except the six that are properly supported) that are disputed by Defendant based on a lack citation to the record or because they contain improper legal arguments.

In addition, the Court is not required to scour the record looking for factual disputes nor is the Court required to piece together Plaintiff's arguments for him. *See Diadenko v. Folino*, 741 F.3d

751, 757 (7th Cir.2013); *see also Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989) ("A district court need not scour the record to make the case of a party who does nothing."). Plaintiff's failure to comply with Local Rule 56.1, however, does not result in an automatic grant of summary judgment in favor of Defendants. Instead, the Court still must evaluate all facts in the light most favorable to Plaintiff, the non-moving party. *See* Fed. R. Civ, P. 56(e)(2); *Keeton*, 667 F.3d at 884. With these standards in mind, the court turns to the relevant facts of this case.

## RELEVANT FACTS

The relevant undisputed facts are as follow. On April 29, 2013, Plaintiff was housed in segregation at Pontiac Correctional Center. (Def.'s 56.1(a)(3) Statement ¶ 3.) Plaintiff had a court date in a pending criminal matter at the Cook County Courthouse that day. (*Id.*) Plaintiff had previously thrown away his state-issued shoes so he did not have shoes to wear. (*Id.*, ¶ 8.) Plaintiff wore his socks and shower shoes. (*Id.*) At Pontiac, Plaintiff was searched and placed in restraints for the drive to the Cook County Courthouse. (*Id.*, ¶ 9.) Plaintiff was driven to the courthouse in a van with one other inmate. (*Id.*) Plaintiff brought along two large trash bags filled with law books and legal documents. (*Id.*) Pontiac Correctional Officer Forsyth was assigned as Plaintiff's escort . (*Id.*, ¶ 11.)

The van arrived at the courthouse and parked in a designated area. (Def.'s 56.1(a)(3) Statement ¶ 12.) Officer Forsyth walked directly behind Plaintiff as Plaintiff carried his large bags of books and documents. (*Id.*) Because the bags were heavy, Plaintiff needed to put them down and rest as they walked from the van. (*Id.*) As Plaintiff proceeded up the stairs to the courthouse, he fell on his left hip and knee. (*Id.*, ¶ 13.) Officer Forsyth was standing right behind Plaintiff as Plaintiff fell. (*Id.*) Plaintiff remained on the stairs after he fell. (*Id.*)

5

Less than five minutes after Plaintiff fell, Officer Ollins came to the stairs and asked Officer Forsyth what was wrong. (Def.'s 56.1(b)(3) Statement ¶ 14.) Plaintiff did not hear what Officer Ollins was saying to Officer Forsyth because he was in pain. (*Id.*) After a brief conversation with Officer Forsyth, Officer Ollins left, indicating she was calling her supervisor. (*Id.*) Officer Ollins returned shortly thereafter and told Officer Forsyth that he would need to call 911. (*Id.*, ¶ 15.) Officer Ollins then left the area. (*Id.*) Officer Ollins is a Cook County Department of Corrections employee, assigned to the Receiving Classification Diagnostic Center. (*Id.*, ¶ 16.)

Officer Forsyth stayed with Plaintiff while Plaintiff was on the stairs. (Def.s' 56.1(a)(3) Statement ¶ 19.) Plaintiff did not say anything to Officer Forsyth while on the stairs. (*Id.*) Plaintiff did not respond when Officer Forsyth asked Plaintiff if he was all right as he helped Plaintiff up on his feet. (*Id.*) Officer Forsyth did not call 911. (*Id.*)

Plaintiff was able to walk, with a limp, to the IDOC holding area under the supervision of IDOC officers. (Def.s' 56.1(a)(3) Statement ¶ 20.) There were no Cook County officers in the holding area and Plaintiff did not say anything about his injury while he was in the holding area. (*Id.*) Plaintiff was escorted to his court appearance by Officer Forsyth. (*Id.*, ¶ 21.) Plaintiff limped as he carried his two bags of books and documents. (*Id.*) Plaintiff only saw Cook County officers from afar and he never asked a Cook County officer for help or for medical attention. (*Id.*) Plaintiff informed the judge in his state criminal matter that he had hurt his knee. (*Id.*, ¶ 22.) Following his court appearance, Plaintiff was escorted back to the van and to Pontiac by Officer Forsyth. (*Id.*) Plaintiff was never in the custody of Cook County during all relevant times. (*Id.*, ¶ 23.)

On April 30, 2013, at Pontiac, Plaintiff complained of joint pain and requested pain medication. (Plaintiff's 56.1(b)(3) Statement ¶ 27 (and corresponding exhibits).) On May 10, 2013,

6

Plaintiff complained of pain in his hip, knee and foot from "falling a while ago." (*Id.*) Plaintiff again complained of hip and knee pain on May 19, 2013. (*Id.*). On July 21, 2013, Plaintiff was seen by a CMT for muscle pain/sprain. (*Id.*) The progress report indicates that the cause of the pain was unknown and had been present for a few days. (*Id.*) Plaintiff again complained of hip, knee and foot pain on September 29, 2013. (*Id.*)

There is no evidence that Officer Ollins was personally aware of any injury to Plaintiff. (Def.s' 56.1(a)(3) Statement ¶ 17.) Officer Ollins' duties and responsibilities have never included supervision of IDOC inmates, as they are under the custody of the IDOC officers. (*Id.*, ¶ 18.) If an IDOC inmate required medical attention at the courthouse, his escort officer would be able to obtain medical services by calling 911. (*Id.*)

The Cook County Department of Corrections has established a grievance procedure that is available to all inmates. (Def.s' 56.1(a)(3) Statement ¶ 26.) The inmate grievance procedure requires an inmate to properly file a grievance within 15 days of the alleged grievable offense. (*Id.*) Plaintiff is familiar with Cook County grievance procedure. (*Id.*) In the event that an inmate is transferred to a state correctional facility, the grievance may be filed via the U.S. Mail. (*Id.*, ¶ 27.) Plaintiff did not submit a grievance to Cook County Department of Corrections regarding his fall and alleged denial of medical care. (*Id.*, ¶ 29.)

## **ANALYSIS**

**Failure to Exhaust Administrative Remedies**

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See*

*Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

It is undisputed that Plaintiff did not submit a grievance regarding the alleged denial of medical care by Officer Ollins. However, Defendant has failed to demonstrate that Plaintiff, an IDOC inmate, was required to file a grievance for events that occurred at the Cook County Courthouse based on conduct of an employee of the Cook County Department of Corrections. In fact, the affidavit of John Mueller discusses the procedure for inmates at Cook County Jail, but there are no undisputed facts demonstrating that the procedure applies to Cook County Department of Corrections employees in an occurrence involving an IDOC inmate. (*See* Exh. E, ¶ 4 (John Mueller affidavit).) Nor is it clear that Paragraph 8 of Mueller's affidavit, dealing with the grievances of Cook County inmates once they are transferred to IDOC applies to Plaintiff. Accordingly, a genuine

issue of material fact exists as to whether Plaintiff failed to exhaust any required administrative remedies.

**Deliberate Indifference to Medical needs Claim Fails on the Merits**

However, Plaintiff's claim against Officer Ollins fails on the merits.

Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594.

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v.*

9

*Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)).

The Seventh Circuit cases "demonstrate a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011)). However, "a prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue--the sorts of ailments for which many people who are not in prison do not seek medical attention--does not by its refusal violate the Constitution." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 829 (7th Cir. 2009) (quoting *Gutierrez*, *supra*, 111 F.3d at 1372) (in turn quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)). For example, in an unpublished decision, the Seventh Circuit Court of Appeals upheld dismissal of a medical indifference claim relating to a spider bite, noting that the injury "does not compare to those that this court has found would be obvious to a layperson." *Jellis v. Hulick*, 422 Fed. App'x 548, 550 (7th Cir. 2011).

Here, Plaintiff concedes that he has not been diagnosed with a medical ailment from the fall that required specific treatment. Instead, Plaintiff argues that his condition following the fall made it obvious, even to a lay person, that a doctor's attention was needed. However, the undisputed facts demonstrate otherwise.

A few minutes after the fall, Ollins saw Plaintiff and Officer Forsyth on the stairs. Plaintiff

10

had already fallen and did not speak to Ollins. After being informed by Officer Forsyth that Plaintiff had fallen, Ollins told him that she would speak with her supervisor. After speaking with her supervisor, Ollins returned and told Officer Forsyth that he would need to call 911 if medical attention was required. Plaintiff still did not speak to Ollins. Within twenty minutes, Plaintiff walked to the bullpen, carrying his large bags of legal materials. Plaintiff did not complain of any pain while in the bullpen and was taken to the courtroom, again carrying his bags of legal materials. Following his court appearance, Plaintiff walked to the transport area and was returned to Pontiac.

Plaintiff relies on his five visits to the health care unit in which he complained of hip, knee and foot pain from April 30, 2013, and September 29, 2013, to demonstrate his injury was so obvious on April 29, 2013, that a lay person would know he needed medical attention. The medical notes indicate that over a five month period Plaintiff had some pain in his hip, knee, and foot. However, there is no diagnosis of any actual injury nor the need for any type of diagnostic testing. In addition, the July 21, 2013, progress notes indicate that the cause of the pain was unknown and had been present for a few days.

Based on these undisputed facts, no reasonable jury could find that Plaintiff suffered an injury that, to a lay person, required medical attention by a doctor. *See Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (summary judgment is the "put up or shut up" time in litigation).

Even if Plaintiff had established he suffered a serious medical condition, he has not established that Ollins acted with deliberate indifference. To establish a deliberate indifference claim, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes*

*v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Neither negligence nor gross negligence constitute deliberate indifference. *Farmer*, 511 U.S. at 836. Instead, the standard is comparable to that required in demonstrating criminal recklessness. *Id.* at 839.

Here, Ollins had no personal involvement in Plaintiff's medical care and Plaintiff never informed her in any manner that he needed immediate medical care. Plaintiff was not in Officer Ollins' custody and she informed Officer Forsyth, who was responsible for Plaintiff, that he would need to call 911 if Plaintiff needed medical care. The undisputed facts demonstrate that Officer Ollins was not aware of, nor did she consciously disregard, Plaintiff's alleged need for medical care.

Based on the above, the Court finds that Defendant is entitled to judgment as a matter of law.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment [21] is granted. Judgment is rendered in favor of Defendant. This case is terminated.


Dated: September 25, 2014                                     /s/
                                                Joan B. Gottschall
                                                United States District Court Judge